## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| **STEPHANIE WOZNICKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 6:18-cv-02090-Orl-41GJK** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RAYDON CORPORATION, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| | ) | |

### PLAINTIFF'S RESPONSE TO RAYDON DEFENDANTS' MOTION FOR LEAVE TO FILE A RESPONSE TO PLAINTIFF'S SHOW CAUSE FILING

Plaintiff STEPHANIE WOZNICKI requests that the Court deny Raydon Defendants' Motion for Leave to File a Response to Plaintiff's Show Cause Filing or, in the Alternative, for a Hearing ("Motion for Leave") (Doc. No. 118) and responds to the Raydon Defendants' Motion for Leave as follows:

Raydon Defendants' Motion for Leave violates the Local Rule's restriction on the use of information derived during the mediation conference by repeating statements purportedly made at the mediation session. "All proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects. The proceedings may not be reported, recorded, placed into evidence, [or] made known to the trial court…." Middle District of Florida Local Rule 9.07(b). For example, Raydon Defendants assert that "The Raydon Defendants' counsel were told the very morning of the mediation…." Motion for Leave

at ¶ 3. Based on Raydon Defendants' summary of their arguments, Plaintiff believes that the proposed response would likely contain additional violations of Local Rule 9.07(b).

Moreover, Raydon Defendants' version of the mediation-privileged dialogue that occurred in the presence of Judge Denlow concedes that they wanted a class member other than Stephanie Woznicki to attend the mediation because they believe she has "personal animus unrelated to this action" against the Raydon Defendants. *Id*.

Judge Denlow found "[t]he parties participated in good faith." Doc. No. 95. In fact, the parties spent a full day in Chicago mediating the action and Judge Denlow continued to follow-up with the Parties thereafter, only filing the mediator's report more than a month after the mediation concluded. *Id*. The Raydon Defendants did not complain to the Court that Plaintiff's availability by phone and a class member's participation in the mediation was improper until three months after the mediation ended. Indeed, the Raydon Defendants waited three months to raise this matter for the first time in opposition to Plaintiff's motion for class certification to argue Plaintiff is an unfit class representative. Doc. No. 98 at 18-19. The Raydon Defendants' complaint has nothing to do with the mediation and much to do with gamesmanship. Had the Raydon Defendants justly believed the mediation was not conducted in good faith, they would have immediately raised the matter with the Court—which they did not. Moreover, Judge Denlow would have raised it with the Court. In any event, Plaintiff is willing to continue the mediation in this District so that she can attend in person.

Dated: October 1, 2019

Respectfully submitted,

/s/ Sam J. Smith
Sam J. Smith
Florida Bar No. 818593
Loren B. Donnell
Florida Bar No. 013429

2

BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL  33701
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmith.com

Daniel Feinberg, CA 135983 (*pro hac vice*)
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
(510) 269-7998
dan@feinbergjackson.com

R. Joseph Barton, CA 212340 (*pro hac vice*)
Colin Downes (*pro hac vice*)
BLOCK & LEVITON LLP
1735 20th Street, N.W.
Washington, DC 20009
(202) 734-7046
joe@blockesq.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify on October 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Sam J. Smith
Sam J. Smith