## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| STEPHANIE WOZNICKI, on behalf of herself and all others similarly situated, | ) ) ) ) ) |  |
| Plaintiff, | ) ) | No. 6:18-cv-02090-Orl-78GJK |
| vs. | ) ) |  |
| RAYDON CORPORATION, DONALD K. ARIEL, DAVID P. DONOVAN, THE ESOP COMMITTEE OF THE RAYDON CORPORATION EMPLOYEE STOCK OWNERSHIP PLAN, LUBBOCK NATIONAL BANK, DAVID P. DONOVAN 2012 TRUST, ARIEL FAMILY TRUST DATED DECEMBER 18, 2012, PAMELA W. ARIEL, VERNA L. DONOVAN 2012 TRUST, DAVID P. DONOVAN, JR., IRREVOCABLE TRUST DATED JULY 25, 2008, LORI L. WEISS IRREVOCABLE TRUST DATED JULY 25, 2008, NIKI J. DUNCAN IRREVOCABLE TRUST DATED JULY 25, 2008 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) ) ) |  |

## JOINT RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

1

Plaintiff Stephanie Woznicki, individually and on behalf of the Class, hereby moves for an order preliminarily approving a class action settlement agreement between Plaintiff and Defendants Raydon Corporation, Donald K. Ariel, David P. Donovan, The ESOP Committee of the Raydon Corporation Employee Stock Ownership Plan, David P. Donovan, Jr., Irrevocable Trust dated July 25, 2008, Lori L. Weiss Irrevocable Trust dated July 25, 2008, Niki J. Duncan Irrevocable Trust dated July 25, 2008, Pamela W. Ariel, Ariel Family Trust dated December 18, 2012, David P. Donovan 2012 Trust, Verna L. Donovan 2012 Trust Plan (collectively "Raydon Defendants") and Lubbock National Bank ("Lubbock"), approving notice to the Class, approving the Plan of Allocation, and setting a date for a Fairness Hearing.[1]

## I.      INTRODUCTION

In the Report and Recommendation dated January 29, 2021 (Doc. No. 211), the Court recommended (1) denial of the Joint Motion for Preliminary Approval of Class Action Settlement and Motion to Modify Class (Doc. No. 208) and (2) allowing the Parties to file a renewed motion addressing the issues outlined in the Report and Recommendation. The Court adopted the Report and Recommendation by Order dated February 17, 2021. Doc. No. 213.

---

[1] Unless otherwise defined, all capitalized terms herein shall have the same meaning as set forth in the Parties' Amended Settlement Agreement.

The Parties have entered into the Amended Class Action Settlement Agreement ("Amended Settlement Agreement") to resolve the concerns raised by the Court. Declaration of Daniel Feinberg ("Feinberg Dec"), Ex. A. As before, subject to the Court's approval, the Parties have settled this Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.,* ("ERISA") class action for a payment of $2,400,000.00. This settlement payment is approximately $1.60 per share prior to attorneys' fees, reimbursement of Class Counsel's expenses and any class representative service award. Should the Court ultimately grant final approval, eligible Class Members will receive their portion of the Net Proceeds according to a Plan of Allocation, discussed below.

The initial Joint Motion for Preliminary Approval (Doc. No. 208) is hereby incorporated by reference. This Memorandum of Law will address the issues raised by the Court in the Report and Recommendation. Doc. No. 211.

## II.   REVISIONS TO THE PROPOSED SETTLEMENT TERMS

The Amended Settlement Agreement's revisions to the original Settlement Agreement are summarized below.  For the convenience of the Court, a comparison copy of the Amended Settlement Agreement showing changes from the original Settlement Agreement is attached to the Feinberg Declaration as Exhibit F.

### A. Class Definition

The Parties no longer seek to have the Court modify the Class definition for purposes of settlement. The Amended Settlement Agreement resolves the claims of the Class previously certified by the Court:

> All participants in the Raydon Corporation Employee Stock Ownership Plan from September 30, 2015 or any time thereafter, who vested under the terms of the Plan and those participants' beneficiaries.
> Excluded from the named class are Defendants and their immediate family (including any person defined as a relative under 29 U.S.C. § 1002(15)); any fiduciary of the Plan; the officers and directors of Raydon Corporation or of any entity in which any Defendant has a controlling interest; and legal representatives, successors, and assigns of any such excluded persons.

Doc. No. 163 at 4-5.

Recent developments have resolved the concerns that led the Parties to request that the Court modify the Class definition. On November 18, 2020, By Light Professional IT Services LLC purchased the ESOP's Raydon Corporation stock for $0.09 per share. Feinberg Dec. ¶ 3. As a result, Raydon is terminating the ESOP and there will not be any further allocations of stock to ESOP participants after 2020. *Id*. In addition, most of the unvested or partially vested ESOP participants who were laid off from Raydon in the years since the ESOP's inception are now 100% vested because of the Plan termination. *Id*. Thus, the By Light transaction has resolved the Parties' concerns regarding the end date for the Class period and unvested and partially vested participants.

### B. Plan of Allocation

The proposed Plan of Allocation is set forth in a separate document from the Amended Settlement Agreement. Feinberg Dec. Ex. B.[2] The proposed Plan of Allocation is for each Class Member to receive a pro rata share of the Net Settlement Fund based upon the number of vested Raydon Corporation shares allocated to that Class Member's ESOP account, as a fraction of the total number of vested shares allocated to Class Members' ESOP accounts.

Other courts have approved plans of allocation in ESOP class action settlements based on each class member's pro rata holdings of ESOP shares. *See Kaplan v. Houlihan Smith & Co.*, No. 12 C 5134, 2014 WL 2808801, at \*3 (N.D. Ill. June 20, 2014); *Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 4203880, at \*13 (E.D. Pa. Aug. 31, 2018); *Chesemore v. All. Holdings, Inc.*, No. 09-CV-413-WMC, 2014 WL 4415919, at \*1 (W.D. Wis. Sept. 5, 2014), *aff'd sub nom. Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016).

The proposed Plan of Allocation is equitable because Plaintiff's claims are based upon the allegation that the ESOP paid more than fair market value for the Raydon Corporation stock purchased in the 2015 ESOP Transaction. In a

---

[2] The Plan of Allocation is not included in the Amended Settlement Agreement because the settlement is not contingent on whether the Court accepts the proposed Plan of Allocation. The settlement is binding on the Parties even if the Court makes changes to the proposed Plan of Allocation. The Amended Settlement Agreement states that the Plan of Allocation is subject to Court approval. Ex. A at 23.

transaction which closed on September 30, 2015, the selling shareholder

Defendants sold 100% of the stock of Raydon Corporation to Raydon Corporation

which concomitantly, as part of a single integrated transaction, sold 100% of the

stock to the ESOP for the same price per share. Since all of the Raydon shares held

by Class Members were purchased by the ESOP in a single integrated transaction

and for the same price per share, it is appropriate for all Class members to receive

the same value per share under the Plan of Allocation.

The Report and Recommendation raises questions about the proposed Plan

of Allocation that are more relevant to a class action under federal securities laws

regulating public company securities. Doc. No. 211 at 24-25. However, Raydon

stock was not publicly traded. ESOP participants did not buy and sell Raydon

stock. Instead, eligible ESOP participants received an allocation of shares

following each year of covered service. Participants had a put option under the

ESOP whereby they could sell their stock to the ESOP (or the Company if the

Company assumed the put option) five years after the year in which the participant

terminated employment.[3] Since the ESOP was only in existence for five years, very

few Class Members had their shares repurchased prior to the By Light transaction.

And since Plaintiff's claims arise out of the September 30, 2015 ESOP Transaction

---

[3] Participants who left employment due to death, disability or retirement received distributions one year after termination of employment. The ESOP also had the option to cash out terminated participants with small account balances.

in which the ESOP purchased all of Raydon's shares for the same price, the later purchase of shares from any Class Members exercising put option rights is not relevant to the Plan of Allocation.

Moreover, Plaintiff seeks a remedy under ERISA § 409(a), which provides that any fiduciary who breaches his duties is "personally liable" to restore "to [the] plan any losses *to the plan* resulting from each such breach" and "to restore *to [the] plan* any profits" the fiduciary made. 29 U.S.C. §1109(a) (emphasis added). Plaintiff sought plan-wide relief, not relief for individual participants. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985) (Congress was "primarily concerned . . . with remedies that would protect the entire plan"). Any recovery by Plaintiff "inures to the benefit of the plan *as a whole*." *Id*. at 140 (emphasis added). For this reason, the settlement payment is being paid to the ESOP. The Plan purchased all of Raydon's stock in a single integrated transaction on September 30, 2015 and paid the same price for each share. Although the ESOP's recovery is allocated to the individual accounts of Class Members, the Plan's losses are the crux of Plaintiff's claims. Therefore, a Plan of Allocation based on the Plan's overpayment in the 2015 ESOP Transaction is consistent with the legal remedies that were available to Plaintiff.

## C. Court Determination of Disputes

The Report and Recommendation objected to provisions in the Settlement

Agreement providing that the Court would decide certain disputes that might arise following preliminary approval. Doc. No. 211 at 25. Those provisions have been eliminated from the Amended Settlement Agreement. Ex. A. Instead, the Amended Settlement Agreement provides that the Court will have jurisdiction to implement and enforce the settlement. Ex. A at 44. Such continuing jurisdiction provisions are authorized by the Supreme Court's ruling in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) ("If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so").

### D. Attorneys' Fees

The Report and Recommendation raised concerns about the provision in the Settlement Agreement providing that an award of attorneys' fees and expenses might be paid out during the pendency of an appeal of the Settlement. Doc. No. 211 at 28-29. The Amended Settlement Agreement provides that the award for attorneys' fees and expenses will be disbursed when the Court's final approval order becomes non-appealable. Ex. A at 29.

### E. Modifying the Agreement After Preliminary Approval

The Report and Recommendation expressed concern that the Parties could modify the Settlement Agreement after Court approval and thereby circumvent the Rule 23 review process. Doc. No. 211 at 26. The Amended Settlement Agreement

clarifies that the Agreement can only be modified following Preliminary Approval

with the approval of the Court. Ex. A at 43.

## F.  Protection of Class Data

The Report and Recommendation expressed concern about maintaining the

confidentiality of protected personal information in the Class data. Doc. No. 211 at

27-28. The Amended Settlement Agreement provides that the Settlement

Administrator is required to execute a confidentiality agreement regarding the

Class data. Ex. A at 14.  The Settlement Administrator executed the Confidentiality

Agreement on May 20, 2020 in conjunction with the mailing of the Class Notice.

Feinberg Declaration, Ex. D.

## G. Proposed Notice

The Report and Recommendation requested clarification of the proposed

Class Notice. Doc. No. 2011 at 29-30. The Parties have made several changes to

the proposed Class Notice in response to the Report and Recommendation. First,

the Class Notice now contains a brief explanation of the ERISA statute. Ex. C at 2.

Second, the Class Notice description of the procedure for Class Members to object

to the proposed Settlement is now consistent with the proposed Preliminary

Approval Order. Ex. C at 7.

## H. Qualifications of Settlement Administrator

The Report and Recommendation requests information regarding CPT

Group, Inc.'s qualifications to administer the settlement. ECF 211 at 30. This information is contained in the Class Notice proposal filed on May 7, 2020 (Doc. No. 171-01) in conjunction with the Unopposed Motion to Appoint Notice Administrator. Doc. No. 172. An updated version of CPT Group's CV is attached to the Feinberg Declaration as Exhibit E.

## III.   CONCLUSION

The proposed Amended Settlement meets the standard for preliminary approval. Accordingly, the Parties respectfully request that the Court issue an Order: (a) granting preliminary approval of the Amended Settlement Agreement, attached as Exhibit A to the Feinberg Declaration; (b) approving the proposed Class Notice, attached as Exhibit B to the Feinberg Declaration; (c) appointing CPT Group, Inc. as the Settlement Administrator; (d) preliminarily approving the Plan of Allocation; and (e) setting a date for a Fairness Hearing.

DATED:  May 3, 2021                    Respectfully submitted,


                                       /s/ *Daniel Feinberg*
                                       Daniel Feinberg, CA 135983 (*pro hac vice*)
                                       FEINBERG, JACKSON, WORTHMAN &
                                       WASOW LLP
                                       2030 Addison Street, Suite 500
                                       Berkeley, CA 94704
                                       (510) 269-7998
                                       dan@feinbergjackson.com

                                       R. Joseph Barton, CA 212340 (*pro hac vice*)
                                       Colin M. Downes (*pro hac vice*)

BLOCK & LEVITON LLP
1735 20th Street, N.W.
Washington, DC 20009
(202) 734-7046
jbarton@blockesq.com
colin@blockesq.com

Sam J. Smith, Florida Bar No. 818593
Loren B. Donnell, Florida Bar No. 013429
BURR & SMITH, LLP
9800 4th Street North, Suite 200
St. Petersburg, FL 33702
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmith.com

*Counsel for the Plaintiff & the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, I electronically filed the foregoing

JOINT RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS

ACTION SETTLEMENT with the Clerk of the Court using the CM/ECF system,

which served it on all counsel of record in this case.

*/s/Daniel Feinberg*
Daniel Feinberg