# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| STEPHANIE WOZNICKI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-cv-02090-WWB-GJK |
| | ) | |
| v. | ) | |
| | ) | |
| RAYDON CORPORATION, et al., | ) | **CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCORPORATED MEMORANDUM OF LAW** |
| | ) | |
| Defendants. | ) | |

## **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................1

II.  RELEVANT BACKGROUND .........................................................1

III. LEGAL STANDARD...................................................................3

IV. ARGUMENT ..............................................................................5

  A.  Class Counsel are Entitled to a Fee Award of $800,000, Which is One-Third of the Common Fund ..........................................................6

    1.  Class Counsel Spent Considerable Time and Labor on the Case (Factor 1) to Achieve an Excellent Result for the Class (Factor 8) ....................................6

    2.  The Issues in This Case are Complex and Difficult (Factor 2), Making it an Undesirable Case (Factor 10), and Requiring the Skill of Experienced ERISA Attorneys (Factors 3 and 9)..............................................................8

    3.  Class Counsel Assumed Considerable Risk to Bring this Action on a Contingent Basis (Factor 6), Which Precluded Other Employment (Factor 4). 11

    4.  Class Counsel's Request is In Line with Customary Fees for Class Actions (Factor 5) and Awards in Similar Cases (Factor 12). .......................................12

    5.  Other, Settlement-Related Factors Support the Reasonableness of the Requested Fee Award .........................................................................14

  B.  A Lodestar Cross-Check Analysis Confirms the Reasonableness of the Requested Fee .....................................................................15

    1.  Co-Lead Counsel's Customary Hourly Rates are Consistent with the National Market for ERISA Litigators and Reasonable Given the Experience, Skill, and Expertise Required to Litigate a Complex ERISA Class Action .....17

    2.  The Amount Request Given the Hours Expended Is Consistent even with the Hourly Rates of the Local Market..............................................20

i.   The Hours Expended by Class Counsel are Reasonable ........................21

ii.  Class Counsel's Requested Fees Reflect a Substantial Discount from Class Counsel's Lodestar ...............................................................................22

C.  Class Counsel is Entitled to Reimbursement of its Reasonable Expenses in the Amount of $62,510.46 ......................................................................................24

V.  CONCLUSION ..................................................................................................25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott v. Lockheed Martin Corp.*,
　No. 06-CV-00701-MJR-DGW, 2015 WL 4398475 (S.D. Ill. July
　17, 2015) ....................................................................................................18

*Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*,
　09CV-00686-SAS, 2012 WL 2064907 (S.D.N.Y. June 7, 2012) .....................23

*Beesley v. Int'l Paper Co.*,
　No. 06-703, 2014 WL 375432 (S.D. Ill. Jan. 31, 2014)....................................18

*Boyd et al. v. SFS Communications, LLC*,
　No. 8:15-cv-03068-PJM, Doc. 195-8 (D. Md. Aug. 5, 2021)............................19

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
　946 F.2d 768 (11th Cir. 1991)....................................................................*passim*

*Cates v. Trustees of Columbia U. in City of New York*,
　1:16-CV-06524-GBD, 2021 WL 4847890 (S.D.N.Y. Oct. 18,
　2021) ................................................................................................................14

*In re Checking Account Overdraft Litig.*,
　830 F. Supp. 2d 1330 (S.D. Fla. 2011) ............................................................15

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
　No. 1:04-CV-3066-JEC, 2012 WL 12540344 (N.D. Ga. Oct. 26,
　2012) ................................................................................................................23

*Comer v. Gerdau Ameristeel US Inc.*,
　8:14-CV-607-T-23AAS, 2017 WL 5256871 (M.D. Fla. Nov. 13,
　2017) ................................................................................................................21

*Conkright v. Frommert*,
　559 U.S. 506 (2010) ............................................................................................8

*Cty. Of Monmouth, New Jersey v. Fla. Cancer Specialists, P.L.*,
　No. 2:18-CV-201-FTM-23-MRM, 2020 WL 11272690 (M.D. Fla.
　Feb. 21, 2020) ..............................................................................................*passim*

*Cunningham v. Wawa, Inc.*,
No. CV 18-3355, 2021 WL 1626482 (E.D. Pa. Apr. 21, 2021)........................ 19

*d/b/a Salon Adrian, Plaintiff, v. CBL & Assocs. Properties, Inc. CBL & Assocs. Mgmt., Inc., CBL & Assocs. Ltd. P'ship, & JC Gulf Coast Town Ctr., LLC, Defendants.*,
No. 2:16-CV-206-FTM-PAM-MRM, 2019 WL 13037028 (M.D. Fla. Aug. 22, 2019) ........................................................................ 9, 11, 12, 13

*In re Equifax Inc. Customer Data Sec. Breach Litig.*,
No. 1:17-MD-2800-TWT, 2020 WL 256132 (N.D. Ga. Mar. 17, 2020), *aff'd in part, rev'd in part and remanded,* 999 F.3d 1247 (11th Cir. 2021) ................................................................................ 16

*First Nat'l Bank of Oneida, N.A. v. Brandt*,
No. 8:16-CV-51-AAS, 2021 WL 2856626 (M.D. Fla. July 8, 2021) ............... 21

*Gilley v. Monsanto Co.*,
490 F.3d 848 (11th Cir. 2007) ................................................................. 9

*In re Health Ins. Innovations Sec. Litig.*,
No. 8:17-CV-2186-TPB-SPF, 2021 WL 1341881 (M.D. Fla. Mar. 23, 2021), No. 8:17-CV-2186-TPB-SPF, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021) ................................................................ 6, 10, 13

*Henderson v. Emory U.*,
CV 16-2920-CAP, 2020 WL 9848978 (N.D. Ga. Nov. 4, 2020) ................. 18, 24

*Henderson v. Emory Univ.*,
No. 1:16-CV-02920-CAP, 2020 WL 9848975 (N.D. Ga. Nov. 4, 2020) ........................................................................................... 14

*Hurtado v. Rainbow Disposal Co., Inc.*,
No. 817CV01605, 2021 WL 2327858 (C.D. Cal. May 21, 2021) ........... 9, 10, 19

*Kruger v. Novant Health, Inc.*,
No. 1:14-CV-00208, 2016 WL 6769066 (M.D.N.C. Sept. 29, 2016) ........................................................................................... 18, 23

*Kuhr v. Mayo Clinic Jacksonville*,
530 F. Supp. 3d 1102 (M.D. Fla. 2021) ........................................ *passim*

*Lytle v. Lowe's Home Centers, Inc.*,
 No. 8:12-CV-1848-T-33TBM, 2014 WL 6469428 (M.D. Fla. Nov.
 17, 2014) ........................................................................................22

*Morgan v. Pub. Storage*,
 301 F. Supp. 3d 1237 (S.D. Fla. 2016) ................................................10, 12, 13

*Norman v. Housing Auth. of City of Montgomery*,
 836 F.2d 1292 (11th Cir. 1988).............................................................16, 17, 22

*Pfeifer v. Wawa, Inc.*,
 No. CV 16-497, 2018 WL 4203880 (E.D. Pa. Aug. 31, 2018).....................9, 11

*Pinto v. Princess Cruise Lines, Ltd.*,
 513 F. Supp. 2d 1334 (S.D. Fla. 2007) .......................................................*passim*

*Pledger v. Reliance Tr. Co.*,
 1:15-CV-4444-MHC, 2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) ......14, 18, 24

*Ressler v. Jacobson*,
 149 F.R.D. 651 (M.D. Fla. 1992).............................................................*passim*

*Sos v. State Farm Mut. Auto. Ins. Co.*,
 No. 6:17-CV-890-PGB-LRH, 2021 WL 1186811 (M.D. Fla. Mar.
 19, 2021) ...........................................................................................17, 18, 21

*Stevens v. SEI Invs. Co.*,
 No. 18-CV-4205, 2020 WL 996418 (E.D. Pa. Feb. 28, 2020) ..........................14

*Townsend v. Princeton Rev.*,
 No. 8:08CV01879-T-33-AEP, 2009 WL 10708315 (M.D. Fla.
 Dec. 2, 2009) .............................................................................................5, 16

*Tussey v. ABB, Inc.*,
 No. 06-CV-04305, 2015 WL 8485265 (W.D. Mo. Dec. 9, 2015) ....................18

*Tweedie v. Waste Pro of Florida*,
 No. 8:19-CV-1827-AEP, 2021 WL 5843111 (M.D. Fla. Dec. 9,
 2021) ......................................................................................................14

*Waters v. Int'l Precious Metals Corp.*,
 190 F.3d 1291, 1298 (11th Cir. 1999).......................................................5, 15, 24

**Statutes**

29 U.S.C. § 1104, ERISA § 404.................................................................................2

29 U.S.C. § 1106, ERISA § 406.................................................................................1

29 U.S.C. § 1110, ERISA § 410.................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 23(h) ......................................................................1

Federal Rule of Civil Procedure 30(b)(6)..................................................................2

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(h) and the Court's Order granting the Joint Renewed Motion for Preliminary Approval (ECF No. 220), Class Counsel hereby moves the Court for an order awarding Class Counsel $800,000 in attorney's fees (representing one-third of the common fund) and reimbursement of $62,510.46 for litigation expenses incurred.

## II.   RELEVANT BACKGROUND

This is an ERISA class action alleging fiduciary breaches and other violations arising out of a September 30, 2015 transaction in which the then shareholders of Raydon Corporation ("Raydon") sold 100% of Raydon stock to Raydon which concomitantly, as part of a single integrated transaction, sold 100% of the equity to the Raydon Corporation Employee Stock Ownership Plan ("ESOP" or the "Plan") for $60.5 million (the "ESOP Transaction"), with Lubbock National Bank, in its capacity as Trustee of the ESOP, acting on behalf of the Plan. The Amended Complaint, ECF No. 67, alleges that the ESOP Transaction was for more than fair market value, the ESOP fiduciaries breached their fiduciary duties in connection with the Transaction, and ESOP fiduciaries and other parties-in-interest (i.e., the relatives and family trusts) engaged in prohibited transactions.

Plaintiff alleges that Defendants violated ERISA § 406, 29 U.S.C. § 1106,

1

by engaging in a prohibited transaction by, *inter alia*, approving a purchase price for Raydon stock that exceeded its fair market value; allowing parties in interest to sell their interests in Raydon at more than fair market value; and causing the Plan to borrow millions of dollars from parties in interest to finance the ESOP Transaction. Plaintiff further alleges that Defendants violated ERISA § 404, 29 U.S.C. § 1104 by breaching their duties of loyalty and prudence to the Plan by failing to undertake an appropriate investigation into the value of Raydon stock. Finally, Plaintiff alleges that Defendants Lubbock and Donald K. Ariel and David P. Donovan violated ERISA § 410, 29 U.S.C. § 1110, by including indemnification provisions in the Trust Agreement that are void against public policy.

Defendants deny any wrongdoing or liability; and have vigorously defended themselves in this Action. Defendants do not admit wrongdoing of any kind regarding the ESOP Transaction or this Action by settling this Action.

The Parties have vigorously prosecuted this Action and undertaken significant discovery. Declaration of Daniel Feinberg ("Feinberg Decl.") ¶ 3. They propounded and responded to written discovery. *Id.* Class Counsel received and reviewed thousands of pages of documents, including more than 30,000 pages produced by Defendants and more than 12,000 pages produced by relevant non-parties. *Id.* Plaintiff also took several depositions, including that of Raydon's Rule 30(b)(6) witness. *Id.* Class Counsel retained and consulted with an expert who

prepared detailed analyses of Raydon's value and the ESOP's losses. *Id.*

The Parties have engaged in extensive motion practice related to Defendants' multiple motions to dismiss, Plaintiff's motion for class certification, and discovery.

The Parties participated in a mediation on May 13, 2019, continued settlement discussions after the mediation with the assistance of the mediator, and ultimately executed a settlement agreement on August 25, 2020. Feinberg Decl. ¶ 4. The Parties sought preliminary approval of that agreement, which was denied without prejudice on February 17, 2021, with guidance about modifications that would make the settlement acceptable. *See* ECF Nos. 211, 213. Consistent with the guidance provided by the Court, the Parties executed a revised Settlement Agreement (the "Settlement Agreement") on April 30, 2021, and the Court granted preliminary approval of the Settlement Agreement on October 26, 2021. *See* ECF Nos. 218, 220. As part of the Settlement Agreement, Defendants have agreed to pay $2.4 million ("Settlement Amount") into the settlement fund. Class Counsel now seeks an award of one-third (33.3%) of the Settlement Amount, or $800,000 dollars, in attorney's fees and $62,510.46 as reimbursement for expenses incurred during this litigation.

## III.   LEGAL STANDARD

"Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 770–71 (11th Cir. 1991). In the Eleventh Circuit, "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund[.]" *Id.* at 774. "The percentage applies to the total fund created, even where the actual payout following the claims process is lower." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007).

In determining the appropriate percentage of the common fund to award as attorney's fees, the district court considers the following factors:

> (i) the time and labor required; (ii) the novelty and difficulty of the questions involved; (iii) the skill requisite to perform the legal services properly; (iv) the preclusion of other employment by the attorney due to acceptance of the case; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation, and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.

*Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1119 (M.D. Fla. 2021) (citing *Camden*, 946 F.2d at 773 n.3). The court may also consider settlement-specific factors, such as "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms

4

or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Id.* (quoting *Camden*, 946 F.2d at 775). The court need not consider each of these factors; rather, the "factors which will impact upon the appropriate percentage to be awarded as a fee in any particular case will undoubtedly vary." *Id.* at 1119-20 (quoting *Camden*, 946 F.2d at 775).

Courts in the Eleventh Circuit may "use the lodestar method as a cross-check of the percentage of the fund approach." *Pinto*, 513 F. Supp. 2d at 1343; *see also Townsend v. Princeton Rev.*, No. 8:08CV01879-T-33-AEP, 2009 WL 10708315, at *8 (M.D. Fla. Dec. 2, 2009) (finding that courts may use the lodestar calculation "as a comparison for determining the reasonableness of a proposed fee award."). Finally, courts "have consistently held that plaintiffs' attorneys are entitled to reimbursement of reasonable and necessary costs incurred in a course of activities that benefit the class." *Cty. Of Monmouth, New Jersey v. Fla. Cancer Specialists, P.L.*, No. 2:18-CV-201-FTM-23-MRM, 2020 WL 11272690, at *13 (M.D. Fla. Feb. 21, 2020), *report and recommendation adopted*, No. 2:18-CV-201-T-23MRM, 2020 WL 11272691 (M.D. Fla. Mar. 17, 2020) (citing *Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999)).

## IV.   ARGUMENT

Class Counsel are entitled to the requested fee award of $800,000, or one-third of the Settlement Amount. Such an award is reasonable upon consideration of the factors enumerated in *Camden* and considered by Eleventh Circuit courts. Further, a lodestar cross-check analysis confirms the reasonableness of the fee request, which is significantly lower than Class Counsel's lodestar fees. The Court should also grant the request for reimbursement of $62,510.46 in expenses, the amount Class Counsel have reasonably incurred over the course of this litigation.

## A. Class Counsel are Entitled to a Fee Award of $800,000, Which is One-Third of the Common Fund

### 1. Class Counsel Spent Considerable Time and Labor on the Case (Factor 1) to Achieve an Excellent Result for the Class (Factor 8)

"Although the hours claimed or spent on a case should not be the sole basis for determining a fee, they are a necessary ingredient to be considered." *In re Health Ins. Innovations Sec. Litig.*, No. 8:17-CV-2186-TPB-SPF, 2021 WL 1341881, at *11 (M.D. Fla. Mar. 23, 2021), *report and recommendation adopted*, No. 8:17-CV-2186-TPB-SPF, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021) (citation and quotation marks omitted). Class Counsel collectively spent over 2,300 hours on the case. Feinberg Decl. ¶ 6. This included time spent drafting the complaint and amended complaint, opposing Defendants' motions to dismiss, drafting discovery requests, enforcing discovery requests (including a motion to enforce a third-party subpoena filed as a miscellaneous action in the Eastern

District of Missouri), responding to Defendants' discovery requests, reviewing documents produced by Defendants and third parties, taking depositions, certifying the class, consulting with a valuation expert, and participating in mediation and extended settlement negotiations. *Id*.

Class Counsel's significant time and effort were necessary to litigate the claims, and they received a very good result for the Class given the likely potential recovery. "The result achieved is a major factor to consider in making a fee award." *Kuhr*, 530 F. Supp. 3d at 1124 (quoting *Pinto*, 513 F. Supp. 2d at 1342); *see also Ressler v. Jacobson*, 149 F.R.D. 651, 655 (M.D. Fla. 1992) ("It is well-settled that one of the primary determinants of the quality of the work performed is the result obtained."). Class Counsel achieved a settlement in the amount of $2.4 million, which will result in an average gross recovery of approximately $13,000 for each Class Member, before fees, costs and settlement expenses are deducted. This amount is greater than recoveries in many other ERISA class actions. *See* ECF No. 208-00, Joint Motion for Preliminary Approval at 14 (table of cases).

Moreover, the Settlement Agreement provides important non-monetary relief. *See Pinto*, 513 F. Supp. 2d at 1343. Class Counsel secured significant non-monetary relief for the Class by structuring the Settlement so that it would be paid through the Raydon Corporation 401(k) Profit Sharing Plan ("the Raydon 401(k) Plan"), preserving the tax advantages that Class Members would have enjoyed in

7

their ESOP allocations. Agmt. at 18-20. The net settlement amount is paid into the Raydon 401(k) Plan without any Class Member having to complete a claim form. *Id*. The Settlement ensures that Class Members who are former employees or otherwise eligible for an immediate distribution will have the option to receive a check for their share of the net settlement proceeds, elect a rollover to an IRA or another eligible retirement account or have their settlement monies remain in the Raydon 401k Plan. *Id*. The Settlement also ensures that Class Members who are not eligible for an immediate distribution from the Raydon 401(k) Plan (*i.e.*, most current employees) will have their shares of the settlement amount transferred to their existing account or, if they do not have one, to an account newly established for them in the Raydon 401(k) Plan. *Id*.

The time spent on the case, and the results achieved for the Class, weigh in favor of Class Counsel's requested award of one-third of the common fund.

> ### 2. The Issues in This Case are Complex and Difficult (Factor 2), Making it an Undesirable Case (Factor 10), and Requiring the Skill of Experienced ERISA Attorneys (Factors 3 and 9).

"Courts have long recognized that the novelty and difficulty of the issues in a case are to be considered in determining a fee award." *Cty. of Monmouth, New Jersey*, 2020 WL 11272690, at *12 (M.D. Fla. Feb. 21, 2020). This class action arises under ERISA, an "enormously complex and detailed statute," and involves facts which are "exceedingly complicated." *Conkright v. Frommert*, 559 U.S. 506,

509 (2010) (citation and quotation marks omitted); *see also Gilley v. Monsanto Co.*, 490 F.3d 848, 852 (11th Cir. 2007) (remarking that ERISA cases present a level of complexity and challenge that Justice Holmes, who "relished challenging cases[,]" would have enjoyed). "ERISA actions are notoriously complex cases, and ESOP cases are often cited as the most complex of ERISA cases. *Hurtado v. Rainbow Disposal Co., Inc.,* No. 817CV01605, 2021 WL 2327858, at *4 (C.D. Cal. May 21, 2021) (citing *Pfeifer v. Wawa, Inc.*, No. CV 16-497, 2018 WL 4203880, at *7 (E.D. Pa. Aug. 31, 2018)). Indeed, in his recommendation that the Parties' Renewed Motion for Preliminary Approval of the Settlement Agreement be granted, Magistrate Judge Kelly noted:

> This ERISA case involves a complicated transaction involving the sale of stock to an employee ownership plan for $60.5 million. Numerous people and entities are named as Defendants. The parties engaged in a contentious and document-heavy battle regarding whether the class should be certified, including filing supplemental memoranda and motions to exclude evidence.

ECF No. 218 at 16 (citations omitted). The Court concluded that the case's complexity, *inter alia*, supported a finding that the Settlement Agreement was fair, reasonable, and adequate. *Id.*

The complexity of this case "contribute[s] to [its] undesirability[.]" *Wave Lengths Hair Salons of Fla., Inc., on behalf of itself & all others similarly situated, d/b/a Salon Adrian, Plaintiff, v. CBL & Assocs. Properties, Inc. CBL & Assocs. Mgmt., Inc., CBL & Assocs. Ltd. P'ship, & JC Gulf Coast Town Ctr., LLC,*

9

*Defendants.*, No. 2:16-CV-206-FTM-PAM-MRM, 2019 WL 13037028, at *12 (M.D. Fla. Aug. 22, 2019). Because this case is complex and undesirable, it "required representation by experienced counsel willing to take the case on a contingency-fee basis despite the significant legal obstacles that the case presented." *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *12. The undesirability "factor serves to reward counsel for taking on a case that others were inclined to refuse." *Kuhr*, 530 F. Supp. 3d at 1124–25. To that end, "this factor favors a higher fee award where there are complex issues requiring experience and skill on the part of Class Counsel." *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1256–57 (S.D. Fla. 2016).

Class Counsel's "standing and prior experience … are relevant in considering applications for counsel fees." *Ressler*, 149 F.R.D. at 654; *see also Cty. of Monmouth, New Jersey*, 2020 WL 11272690, at *12 (same). Co-Lead Counsel are law firms among the small ERISA plaintiffs' bar with the unique and extensive experience and expertise required to litigate ESOP class actions like this one and the willingness to litigate such cases on behalf of plaintiffs. Declaration of Lynn Lincoln Sarko ("Sarko Decl.") ¶ 13. The quality Mr. Barton's and Mr. Feinberg's work has been recognized by courts. *E.g., Hurtado v. Rainbow Disposal Co.*, No. 8:17-CV-01605-JLS-DFM, 2021 WL 2327858, at *5 (C.D. Cal. May 21, 2021) (observing in an ESOP case where Mr. Barton was Co-Lead

counsel that "Class Counsel provided skillful, quality work" that justified "an

upward departure from the benchmark amount"); *Pfeifer v. Wawa, Inc.*, No. 16-

CV-497, 2018 WL 4203880, at \*13 (E.D. Pa. Aug. 31, 2018) (holding that "Class

Counsel [including Mr. Feinberg and Mr. Barton] skillfully and vigorously

prosecuted this complex ERISA matter"). Thus, the complexity and undesirability

of this case, as well as Class Counsel's extensive experience in litigating ERISA

class actions support a finding that the requested fees are reasonable.

### 3. Class Counsel Assumed Considerable Risk to Bring this Action on a Contingent Basis (Factor 6), Which Precluded Other Employment (Factor 4).

Whether an attorney took a case on a contingent basis "is an important factor

in determining the fee award." *Ressler*, 149 F.R.D. at 656. "A contingency fee

arrangement often justifies an increase in the award of attorneys' fees." *Kuhr*, 530

F. Supp. 3d at 1123 (citation and quotation marks omitted); *see Cty. of Monmouth,

New Jersey*, 2020 WL 11272690, at \*11 ("Given the inherit risks as well as the

substantial time, effort, and money needed to sustain the representation of a class

client, the 'bonus' from a contingency fee arrangement is necessary."). "This is

particularly true where the law firms prosecuting the case are [small], … [and] the

time devoted to the class action precludes other employment." *Wave Lengths Hair

Salons of Fla., Inc.,* 2019 WL 13037028, at \*13. District courts in this Circuit

"have found that this type of [contingency-fee] risk can support a fee award of over

30% of the settlement fund." *Morgan*, 301 F. Supp. 3d at 1253 (citing cases where awarding 33.3% and 35% of the settlement fund, respectively, as attorneys' fees).

Class Counsel have litigated this case on a contingent-fee basis for over three years. Feinberg Decl. ¶13. During that time, Class Counsel have received no compensation despite spending over 2,300 hours on the case. Moreover, Class Counsel have incurred $62,510.46 in expenses "in litigating on behalf of the Class, none of which would have been recovered if the case were not successfully concluded." *Wave Lengths Hair Salons of Fla., Inc.,* 2019 WL 13037028, at *14; Feinberg Decl. ¶ 21. Further, because Class Counsel are small law firms, their work on this case necessarily "detracted from work on other potential cases." *Morgan*, 301 F. Supp. 3d at 1254; Feinberg Decl. ¶ 19; Barton Decl. ¶ 14; Donnell Decl. ¶ 7. In sum, "Class Counsel put forth significant work in this case despite the considerable contingency risk[]" and these factors "weigh[] heavily in favor of the 33% fee award." *Morgan*, 301 F. Supp. 3d at 1254.

### 4. Class Counsel's Request is In Line with Customary Fees for Class Actions (Factor 5) and Awards in Similar Cases (Factor 12).[1]

Class Counsel's requested award of one-third of the common fund for attorneys' fees is consistent with customary fees for class actions and awards in

---

[1] The remaining *Camden* factors – (vii) time limitations imposed by the client or the circumstances and (xi) the nature and length of the professional relationship with the client – are not relevant in this case.

similar cases, both in the Eleventh Circuit and nationally. "The percentage method of awarding fees is intended to mirror the practice in the marketplace where attorneys negotiate percentage fees with their clients." *Cty. of Monmouth, New Jersey*, 2020 WL 11272691 at *12. "The 'customary fee' in a class action lawsuit is contingent, since virtually no individual plaintiff has a large enough monetary stake in the litigation to justify charging on an hourly basis." *Ressler*, 149 F.R.D. at 654. Attorneys in this Circuit "'regularly contract for contingent fees between 30% and 40% directly with their clients.'" *Cty. of Monmouth, New Jersey*, 2020 WL 11272691 at *12 (quoting *Pinto*, 513 F. Supp. 2d at 1340). Thus, Class Counsel's requested 33.3% award is in line with customary fees for class action litigation in this district.

"In considering reasonableness under the percentage method, district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund." *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *12 (citation and quotation marks omitted) (collecting cases); *see also Morgan*, 301 F. Supp. 3d at 1257-58 (citing cases approving a request for attorneys' fees that comprised 33% of the common fund "because it is consistent with attorneys' fees awards in federal class actions in this Circuit[]" and "also well within the range of fee awards in class actions nationwide."); *Wave Lengths Hair Salons of*

*Fla., Inc.*, 2019 WL 13037028, at \*14 ("Several recent decisions in this Circuit award attorneys' fees up to or in excess of thirty percent," and collecting cases).

"In complex ERISA cases, courts … routinely award attorneys' fees in the amount of one-third of the total settlement fund." *Stevens v. SEI Invs. Co.*, No. 18-CV-4205, 2020 WL 996418, at \*12 (E.D. Pa. Feb. 28, 2020); *see also Cates v. Trustees of Columbia U. in City of New York,* 1:16-CV-06524-GBD, 2021 WL 4847890, at \*7 (S.D.N.Y. Oct. 18, 2021) (same). Recent decisions from courts in this Circuit have also awarded one-third in ERISA class actions. *E.g. Henderson v. Emory Univ.*, No. 1:16-CV-02920-CAP, 2020 WL 9848975, at \*5 (N.D. Ga. Nov. 4, 2020) (finding an award of one third of the common fund was "consistent with both the market rate in ERISA … cases and common-fund fee awards approved in this district."); *Pledger v. Reliance Tr. Co.,* 1:15-CV-4444-MHC, 2021 WL 2253497, at \*6, 8 (N.D. Ga. Mar. 8, 2021) (same). In non-ERISA class actions, courts in this District frequently award fees of one-third of the settlement fund. *Tweedie v. Waste Pro of Florida*, No. 8:19-CV-1827-AEP, 2021 WL 5843111, at \*8 (M.D. Fla. Dec. 9, 2021) (awarding one-third and citing other cases). Thus, Class Counsel's request for attorneys' fees of one-third of the Settlement Amount, is consistent with customary fees and awards in similar cases.

### 5. Other, Settlement-Related Factors Support the Reasonableness of the Requested Fee Award

The Court is also permitted to consider settlement-specific factors such as "the time required to reach a settlement[]" and "whether there are any substantial objections by class members[.]" *Kuhr*, 530 F. Supp. 3d at 1119 (citing *Camden*, 946 F.2d at 775). Each of these factors weighs in favor of approving the proposed fee award. First, this lawsuit was settled over 2.5 years after it was filed and after lengthy settlement negotiations, "reflecting the care and deliberation with which plaintiff[s'] counsel approached the entire settlement process." *Ressler*, 149 F.R.D. at 656. Second, to date, no class members have objected to the settlement or to Class Counsel's request for attorney's fees contained therein which provides "strong evidence of the propriety and acceptability of that request." *Id.*; *see also Pinto*, 513 F. Supp. at 1343 (noting that even a "small number of objections indicates the support of the Class[]" (collecting cases)).[2]

## B. A Lodestar Cross-Check Analysis Confirms the Reasonableness of the Requested Fee

While the Eleventh Circuit has "decided in this circuit that a lodestar calculation is not proper in common fund cases," it has stated that courts "may refer to that figure for comparison." *Waters*, 190 at 1291; *see In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1362-63 (S.D. Fla. 2011)

---

[2] Plaintiff Woznicki has informed Class Counsel that she now opposes the Settlement. Class Counsel is filing a motion to appoint additional Class Representatives who support the Settlement. If Ms. Woznicki or any other Class Members files an objection, Class Counsel will address the objections in a supplemental brief.

(declining to perform lodestar cross-check because *Camden I* "mandated the exclusive use of the percentage approach in common fund cases" and noting "courts in this Circuit regularly award fees . . . without discussing lodestar at all.") (internal quotations, brackets, and emphasis omitted); *Kuhr*, 530 F. Supp. 3d at 1120 (using a lodestar cross-check analysis to evaluate the reasonableness of the proposed fee award); *Ressler*, 149 F.R.D. at 654 n. 4 (same). District courts in this Circuit have noted that, while not required, "the requested fee easily passes muster if a cross-check is done." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, at *39 (N.D. Ga. Mar. 17, 2020), *aff'd in part on these ground, rev'd in part and remanded on other grounds,* 999 F.3d 1247 (11th Cir. 2021).

"The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate." *Townsend v. Princeton Rev.*, No. 8:08-CV-1879-T33AEP, 2009 WL 10708315, at *8 (M.D. Fla. Dec. 2, 2009) (citing *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). Then, the lodestar is compared to the requested fee, and the court may use the lodestar "multiplier" to determine whether the proposed fee award is reasonable. *See Kuhr*, 530 F. Supp. 3d at 1120. Here, a lodestar cross-check confirms the reasonableness of the requested fee award because the requested fee is a fraction of Class Counsel's lodestar. The lodestar multiplier is 0.50 when Class Counsel's

customary rates are used and 0.60 when local market rates are used, i.e., the requested common fund award is substantially less than Class Counsel's lodestar fees based on the national market or local market rates.

**1. Co-Lead Counsel's Customary Hourly Rates are Consistent with the National Market for ERISA Litigators and Reasonable Given the Experience, Skill, and Expertise Required to Litigate a Complex ERISA Class Action**

"Under the lodestar method, a reasonable hourly rate for an attorney is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-CV-890-PGB-LRH, 2021 WL 1186811, at *2 (M.D. Fla. Mar. 19, 2021) (quoting *Norman*, 836 F. 2d at 1299). While the relevant market is often the place where the case is filed, "the geographic scope of the relevant community may sometimes need to be expanded, 'particularly when the subject matter of the litigation is one where the attorneys practicing it are highly specialized and the market for legal services in that area is a national market.'" *Id.* (quoting *Jeffboat, LLC v. Dir., OWCP*, 553 F.3d 487, 491 (7th Cir. 2009)). To Class Counsel's knowledge, there are no attorneys located in the Middle District of Florida who regularly represent employee or retirees in ERISA class actions. Feinberg Decl. ¶ 17; Barton Decl. ¶ 12; Donnell Decl. ¶ 2. In *Sos*, another court in

this District found the relevant market was a "national market" for commercial class actions. *Sos*, 2021 WL 1186811, at *2.

"Complex ERISA class action litigation, such as this, involves a national market." *Henderson v. Emory U.,* CV 16-2920-CAP, 2020 WL 9848978, at *2 (N.D. Ga. Nov. 4, 2020) (finding that the relevant rates were a "nationwide market rate").[3] As the *Henderson* court observed, "Defendants in this, and similar cases, retain large multi-national law firms and utilize attorneys from offices across the nation." *Id.* (comparing the rates charged by Class Counsel to those "consistent with those charged by firms *defending* these types of complex class actions"). As a result, other courts in this Circuit have approved *higher* hourly rates for Class Counsel in ERISA case than sought here: "for attorneys with at least 25 years of experience, $1,060 per hour; for attorneys with 15–24 years of experience, $900 per hour; for attorneys with 5–14 years of experience, $650 per hour; for attorneys with 2–4 years of experience, $490 per hour; and for Paralegals and Law Clerks, $330 per hour." *Id; Pledger v. Reliance Tr. Co.*, No. 15-4444, 2021 WL 2253497, at *7 (N.D. Ga. Mar. 8, 2021) (approving identical rates).

---

[3] Courts throughout the country have held that, for ERISA attorneys, the relevant hourly rate is the "nationwide market rate." *Id.* (citing cases); *see also Kruger v. Novant Health, Inc.*, No. 1:14-CV-00208, 2016 WL 6769066, at *4 (M.D.N.C. Sept. 29, 2016); *Tussey v. ABB, Inc.*, No. 06-CV-04305, 2015 WL 8485265, at *7 (W.D. Mo. Dec. 9, 2015); *Abbott v. Lockheed Martin Corp.*, No. 06-CV-00701-MJR-DGW, 2015 WL 4398475, at *3 (S.D. Ill. July 17, 2015); *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, at *3 (S.D. Ill. Jan. 31, 2014).

In ERISA cases around the country, courts have approved the rates of Block & Leviton and Feinberg Jackson's rates as being consistent with that national market. Earlier this year, another court approved the rates of both Mr. Barton and Mr. Feinberg and the other attorneys and staff at their firms. *Cunningham v. Wawa, Inc.*, No. CV 18-3355, 2021 WL 1626482, at *8 (E.D. Pa. Apr. 21, 2021) (finding Class Counsel's rates reasonable in ESOP litigation "in light of the complexity of ERISA cases and the skill and experience of counsel"); *see Hurtado*, 2021 WL 2327858, at *6 (approving Block & Leviton's rates—including the rates of the attorneys in this case – in an ERISA class action challenging the sale of ESOP stock).[4]

Class Counsel's customary hourly rates are based on each professional's position, experience, and expertise. Block & Leviton LLP's rates fall between $275 and $900. Barton Decl. ¶ 6. Feinberg Jackson Worthman & Wasow LLP's rates fall between $265 and $975. Feinberg Decl. ¶ 14. Burr and Smith, LLP's rates fall between $150 (paralegal rate) and $700. Donnell Decl. ¶¶ 9. These rates are the customary billing rates for each firm's professionals and the level of skill required in a complex class action case of this type. Barton Decl. ¶ 10; Feinberg

_____

[4] Similarly, local counsel Burr & Smith's attorneys have recently received a judgment awarding them their customary rates for their class action wage and hour work. *Boyd et al. v. SFS Communications, LLC*, No. 8:15-cv-03068-PJM, Doc. 195-8 (D. Md. Aug. 5, 2021) (finding Burr & Smith's hourly rates sought here reasonable for a class and collective action); *see also* Donnell Decl. ¶ 9.

Decl. ¶ 14. Courts have recognized the significant experience that both Block & Leviton (including Mr. Barton specifically) and Feinberg Jackson (including Mr. Feinberg specifically) with complex ERISA class action litigation and approved their customary rates in other cases. Barton Decl. ¶ 11; Feinberg Decl. ¶¶ 4, 16. Private clients also pay these rates. For example, a Fortune 100 company paid the firms' customary rates where Mr. Barton and Block & Leviton was counsel to the Independent Fiduciary for the purpose of analyzing claims and negotiating a settlement of ERISA fiduciary breach claims. Barton Decl. ¶ 10. Individual and institutional clients in the past have hired Mr. Feinberg for advice and representation in litigation at his then-hourly rate. Feinberg Decl. ¶ 16.

Finally, Co-Lead Counsel's rates are supported by a declaration from an attorney familiar with the prevailing rates in the nationwide market for class action ERISA litigation services. Sarko Decl. ¶ 8. Mr. Sarko is familiar with Co-Lead Counsel's work in other cases and attests that their rates are in line with the hourly rates for comparable attorneys at his firm and in the national market. *Id*. ¶¶ 7-14.

For these reasons, Co-Lead Counsel's customary rates, which are consistent with the national market for ERISA litigators, are reasonable.

> **2. The Amount Request Given the Hours Expended Is Consistent even with the Hourly Rates of the Local Market**

Even if the Court were to use the local rates of the Middle District of Florida, the amount requested in this case would be consistent with (and likely below the rates charged by and found to be reasonable in other non-ERISA class actions. *Comer v. Gerdau Ameristeel US Inc.,* 8:14-CV-607-T-23AAS, 2017 WL 5256871, at *3 (M.D. Fla. Nov. 13, 2017) (finding unnecessary to decide if rates in ERISA class action should be subject to a national market, because the actual amount sought was consistent with the local rate). As an alternative to the lodestar calculated using Co-Lead Counsel's typical hourly rates, Class Counsel have prepared an alternative lodestar analysis using hourly rates that are consistent with the relevant local market, central Florida. For that calculation, Class Counsel used hourly rates ranging from $150 to $190 for paralegals and law clerks to $750 for partners and $450 for associates. Feinberg Decl. ¶ 15; Barton Decl. ¶ 12. These hourly rates are reasonable and consistent with the local market. *See, e.g.*, *Sos*, 2021 WL 1186811, at *4 (approving $800 hourly rate for partners and $458 hourly rate for associates and $190 for paralegals); *First Nat'l Bank of Oneida, N.A. v. Brandt*, No. 8:16-CV-51-AAS, 2021 WL 2856626, at *2 (M.D. Fla. July 8, 2021) (approving $705 hourly rate for lead counsel, $650-$670 hourly rate for partner with 22 years of experience, and $456 hourly rate for associate with 5 years of experience).

  **i.**   **The Hours Expended by Class Counsel are Reasonable**

Class Counsel is entitled to compensation for the hours spent working on this case, excluding hours that "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*" *Norman*, 836 F.2d at 1301 (emphasis in original). Class counsel performed significant work to litigate this case. *See supra*, I.A.

To litigate this case efficiently, Co-Lead Class Counsel coordinated their work to avoid unnecessary duplication of effort. Feinberg Decl. ¶ 13. Prior to filing their motion for attorneys' fees, counsel from each firm reviewed time entries, and, just as counsel would prior to sending bills to paying clients, removed time entries for duplicative or unnecessary work that ordinarily would not be billed client. Feinberg Decl. ¶ 14; Barton Decl. ¶ 9. The lodestar figure submitted by Class Counsel in support of their request for fees reflects these adjustments. In light of efforts by Class Counsel to litigate this case efficiently, as well as the significant work performed over the past three years, the complexity of the legal issues presented, and Defendants' aggressive defense, the more than 2,300 hours expended by Class Counsel to date are reasonable.

>        **ii.      Class Counsel's Requested Fees Reflect a
>                   Substantial Discount from Class Counsel's
>                   Lodestar**

The Court should approve the requested fee because it is significantly less than either lodestar calculation. *See Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-

CV-1848-T-33TBM, 2014 WL 6469428, at *4 (M.D. Fla. Nov. 17, 2014) (approving a proposed fee award because it was "less then the lodestar amount[]"). Courts in the Eleventh Circuit routinely approve common fund fee awards *greater than three times* the lodestar amount. *See Pinto*, 513 F. Supp. 2d at 1344 (collecting cases and approving a fee request "which entails a multiplier less than two"); *see also Ressler*, 149 F.R.D. 651, 654 n. 4 (M.D. Fla. 1992) (finding a fee that constituted a "1.16 multiplier of the lodestar[] to be "extremely reasonable" and noting that "courts in common fund cases regularly award multiples of 2 to 3 times lodestar in attorney's fees"). The same is true in ERISA cases nationally. *See, e.g. Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2012 WL 12540344, at *5 (N.D. Ga. Oct. 26, 2012) (finding fee representing a multiplier of approximately four times lodestar was "well within the range of approved fees"); *Kruger*, 2016 WL 6769066, at *5 (finding 3.69 times the lodestar reasonable in ERISA class action); *Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 09CV-00686-SAS, 2012 WL 2064907, at *3 (S.D.N.Y. June 7, 2012) (approving multiplier of 2.86 in ERISA class action).

Here, under either calculation, the lodestar is significantly less than the proposed fee award and entails a multiplier considerably less than 1.0. Using national market rates for Co-Lead Counsel, the lodestar is $1,616,012.50 and the

multiplier is 0.50.[5] Feinberg Decl. ¶ 14; Barton Decl. ¶ 6; Donnell Decl. ¶ 9. Using

local rates, the lodestar is $1,340,754 and the multiplier is 0.60. Feinberg Decl. ¶

15; Barton Decl. ¶ 12; Donnell Decl. ¶ 9. Indeed, the effective hourly rate for Class

Counsel's fee request is under $350 per hour ($800,000 / 2,353.2 hours).

Accordingly, the lodestar cross check here confirms that the requested fee

award is reasonable.

### C. Class Counsel is Entitled to Reimbursement of its Reasonable Expenses in the Amount of $62,510.46

Finally, Class Counsel is "entitled to reimbursement of reasonable and

necessary costs incurred in a course of activities that benefit the class." *Cty. of*

*Monmouth, New Jersey*, 2020 WL 11272690, at *13 (citing *Int'l Precious Metals*

*Corp.*, 190 F.3d at 1298). Class Counsel request $62,510.46 as reimbursement for

costs incurred over the course of this litigation, and specifically for expert costs,

deposition costs, and travel expenses. Feinberg Decl. ¶¶ 21-22; Barton Decl. ¶ 16;

Donnell Decl. ¶ 10. This request is reasonable, particularly in light of the fact that

courts routinely approve the reimbursement of much higher expenses in ERISA

cases. *E.g.*, *Pledger,* 2021 WL 2253497, at *8 (approving $705,172.30 in

expenses); *Henderson,* 2020 WL 9848978, at *4 (approving $595,249.35 in

expenses).

---

[5] Class Counsel have provided a summary of their lodestar fees. If requested by the
Court, Class Counsel will submit their detailed billing records.

Moreover, this Court has preliminarily approved the Settlement Agreement, which provides for reimbursement for up to $100,000 in costs. Agmt. at 28. "Given class counsel has provided enough information indicating the reasonableness of the requested reimbursement of expense, and the fact that it is well under the $100,000.00 limit set by this Court," Class Counsel request that the court find that they are entitled to reimbursement of the full amount of $62,510.46. *Cty. of Monmouth, New Jersey*, 2020 WL 11272690, at \*13.

## V.     CONCLUSION

For these reasons, the Court should grant Class Counsel's request for one-third of the Settlement Amount, and $62,510.46 in reasonable expenses.

Dated: December 15, 2021          Respectfully submitted,

Daniel Feinberg, CA 135983 (*pro hac vice*)
FEINBERG, JACKSON, WORTHMAN &
WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
(510) 269-7998
dan@feinbergjackson.com

R. Joseph Barton, CA 212340 (*pro hac vice*)
Colin M. Downes (*pro hac vice*)
BLOCK & LEVITON LLP
1633 Connecticut Ave, N.W. Suite 200
Washington, DC 20009
(202) 734-7046
jbarton@blockesq.com
colin@blockesq.com

Sam J. Smith, Florida Bar No. 818593
Loren B. Donnell, Florida Bar No. 013429
BURR & SMITH, LLP
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL 33701
(813) 253-2010
ssmith@burrandsmithlaw.com
ldonnell@burrandsmith.com


*Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2021, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system.

_____

Daniel Feinberg